# LITTLE ROCK PORT AUTHORITY *v.* W. Ross McCAIN

88-95                                                    752 S.W.2d 44

Supreme Court of Arkansas
Opinion delivered June 27, 1988
[Rehearing denied September 12, 1988.]

*Friday, Eldredge & Clark*, by: *Robert S. Shafer*, for appellant.

*Owens, McHaney & Calhoun*, by: *James M. McHaney, Jr.*, for appellee.

TOM GLAZE, Justice. Appellant acquired a railroad liability insurance policy covering tort liability that might arise from the operation of its locomotive. Appellee, a taxpayer, filed a declaratory action against appellant, contending that the appellant's expenditure for the premium payment of such insurance was an illegal exaction and an abuse of appellant's discretion because

appellant was entitled to governmental tort immunity pursuant to Ark. Code Ann. § 21-9-301 (1987). Appellant responded that the insurance is necessary because it has exposure to tort suits under Ark. Code Ann. § 23-12-902 (1987), which provides that all railroads built and operated in the state shall be responsible for the damages they cause persons and property. At trial, both parties stipulated that the appellant's insurance premiums would be reduced if a finding was made that appellant was immune, by state law, from tort liability. The appellee moved for judgment on the pleadings and stipulation, and consistent with that motion, the trial court held that appellant's locomotive operation was immune from tort liability and entered a judgment in appellee's favor. On appeal, appellant maintains the court was wrong in its construction of § 21-9-301 and that § 23-12-902 remains a potential source of tort liability for the appellant so long as it operates its locomotive.

We first note that while appellee alleged in his complaint that the appellant's premium payment was an illegal exaction under article 13, section 16 of the Arkansas Constitution, the trial court never held the payment was illegal, nor do we think it should have. Pursuant to Ark. Code Ann. § 23-79-210 (1987), appellant is authorized to purchase liability insurance even in instances where it is not subject to tort liability. *See Kirksey* v. *City of Ft. Smith*, 227 Ark. 630, 638, 300 S.W.2d 257, 261 (1957). That statutory provision provides in relevant part that when liability insurance is carried by any municipality (or its agency or subdivision), not subject to suit for tort, and a person suffers personal or property damage on account of the municipality's negligence, the injured person has a direct cause of action against the insurer to the extent of the policy limits. In sum, while § 23-79-210 does not require a municipality, which is not subject to suit for tort, to carry liability insurance, the statute does authorize and provide for a direct action against the insurer by the injured person in the event the municipality carries such insurance. *Id.*; § 23-79-210(c)(1); *see also* Leflar, *Acts of 1947 General Assembly: Acts 46 and 362, Torts and Liability Insurance of Tort-Exempt Agencies*, 1 Ark. L. Rev. 215 (1947), (a discussion of Act 46 of 1947, the predecessor and essentially identical law which was reenacted and compiled in § 23-79-210).

Because the appellant is authorized by law to

purchase liability insurance under § 23-79-210, appellee's assertion that an illegal exaction would result from paying the insurance premium is erroneous. Appellee's only manifest interest in this cause is one of disagreement with appellant's discretionary, but legitimate, decision to purchase liability insurance. Accordingly, we need not reach the issue as to whether the appellant was subject to tort immunity in the operation of its locomotive, and we hold that the trial court was wrong in reaching and deciding that issue. We reverse and remand this case with directions to enter an order vacating the judgment and dismissing the appellant's action.